# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**GRAND ISLE SHIPYARD, INC.**
**PLAINTIFF**

**VERSUS**

**CVITANOVIC BOAT SERVICE, INC.**
**DEFENDANT**

CIVIL ACTION **06-9153**

NO.

SECTION: **SECT. C MAG. 5**

MAGISTRATE:

## ORIGINAL COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through under signed counsel, comes Plaintiff, Grand Isle Shipyard, Inc., who respectfully submits this Complaint for Damages to this Honorable Court for the following particulars:

I.

Plaintiff, Grand Isle Shipyard, Inc. (hereinafter referred to as "GIS"), is a corporation organized and existing under the laws of the State of Louisiana, with its principal place of business in Galliano, Louisiana.

II.

Made Defendant herein is Cvitanovic Boat Service, Inc. (hereinafter referred to as "CBS"), a corporation organized under the laws of the State of Louisiana, and located in the Parish of Plaquemines, Empire, Louisiana.

Fee $350.00
Process
X Dktd
CiRmDoc
Doc. No.

III.

Jurisdiction is proper before this Honorable Court as this is an admiralty and maritime claim within the meaning of 28 U.S.C. § 1333.

IV.

Venue is proper in this Court as the Defendant is located within this district.

V.

Plaintiff, GIS, is a service corporation that provides fabrication and construction services in support of the oil and gas industry.

VI.

On or about October 28, 2005, Plaintiff, GIS, was contacted by a project coordinator from ChevronTexaco for the purpose of hiring the services of a crane owned and operated by Plaintiff, GIS.

VII.

Location of this work was on a job site near Venice, Louisiana at a ChevronTexaco platform.

VIII.

In order to move the crane, which was located at a GIS facility in Abbeville, Louisiana, ChevronTexaco contracted with Defendant, CBS, for the purpose of locating a tug to tow the crane which was to be secured to a spud barge owned by Plaintiff, GIS.

IX.

Shortly thereafter, a tug owned by Defendant, CBS, and operated by employees of Defendant, CBS, arrived at Abbeville, secured the tug to the spud barge with the crane located on board, and

proceeded through the Intercoastal Waterway toward Venice, Louisiana.

## X.

For some yet unknown reason, Defendant, CBS, stopped in Leeville, Louisiana and disconnected from the spud barge, and in doing so dropped the spuds in order to secure it in the waterway.

## XI.

When Defendant's tug returned to continue moving the spud barge and crane towards Venice, employees and agents of Defendant, CBS, overlifted one of the spuds and caused the spud to "two-block", which caused the cable to break and then caused the spud to fall into the water. Defendant, CBS, contacted Plaintiff, GIS, at which time GIS sent an operator to lift the spud manually and set it back into position with pins. Gerald Brunet, the GIS operator who was sent to repair the spud negligently damaged by Defendant, CBS, noticed no sign of any damage to any other equipment on the barge, including but not limited to the crane, its boom, or the support rack for the crane attached to the barge.

## XII.

At all material times prior to this inspection by GIS, the spud barge owned by Plaintiff, GIS, was in good working condition, and the crane was fully operational and in good working condition.

## XIII.

This delay by the negligent acts of Defendant, CBS, caused more than six (6) hours to be lost on a time sensitive project. As a result, Defendant, CBS, in order to arrive on time at the job location for ChevronTexaco, employees of Defendant, CBS, elected to cut across the Gulf of Mexico from

Leeville to Venice in order to make up for lost time.

## XIV.

The spud barge in question, owned by Plaintiff GIS, is not nor has it ever been a certificated OCSG barge. Seagoing or oceangoing barges approved for such use must be certificated by the United States Coast Guard, and must be clearly marked for such vessel to enter open waters. The spud barge in question bears no marking, and even a cursory review by Defendant would have revealed that this was not an approved oceangoing barge.

## XV.

When the spud barge being towed by Defendant, CBS, arrived with the crane on board, Robert Savoie, a GIS superintendent, noticed cracks in the crane boom rest attached to the spud barge, at which point he called his supervisor, Lee Bordelon at the GIS facility in Abbeville, Louisiana. Mr. Bordelon, out of concern for the safety of his employees as well as that of the ChevronTexaco personnel on board, instructed his GIS personnel not to use the crane until it could be inspected, and ordered that the crane and spud barge be sent back to the facility at Abbeville, Louisiana. Again, instead of recognizing as a prudent tugboat captain must, Defendant, CBS, negligently and in violation of applicable Coast Guard regulations, elected to return to Abbeville across the Gulf of Mexico instead of through inland protected waters.

## XVI.

Upon return to Abbeville at the Port of Vermilion, the barge and crane both exhibited signs that it had been severely beaten while offshore in high seas.

## XVII.

The securing two inch (2") turnbuckles which are used to lash the crane to the spud barge were broken.  In addition, the actions of Defendant caused extensive damage to the crane itself as well as to the spud barge boom rest.

## XVIII.

In addition to the damages to the barge and crane, Plaintiff, GIS, has suffered damages for loss of use of both the spud barge and the crane in question, lost profit from such work, costs of repair, depreciation of the equipment in question, as well as all other damages which will be proved at a trial on the merits.

## XIX.

That the aforesaid negligence of Defendant, CBS, and the resulting damages to Plaintiff's barge and crane were not caused through any fault, neglect, or want of care on the part of Plaintiff, but were due solely to the fault, neglect, and want of care on the part of Defendant, CBS, her agents, employees, and vessel, and those in charge of her among others in the following particulars:

    a.     In that those in charge of her were incompetent and inattentive to their duties.

    b.     In failing to properly handle the barge and taking it in tow.

    c.     In failing to notice that the barge was not clearly marked as an ocean going approved vessel by the United States Coast Guard.

    d.     In taking the barge in question into open waters in violation of Coast Guard regulations.

e.    In having the barge and crane in its charge sustain extensive damage, and in other respects which are to be proven at a trial on the merits of this matter.

f.    All other acts of negligence which will be proven at a trial on the merits of this matter.

Plaintiff, GIS, has made amicable demands upon Defendant, CBS, all to no avail.

**WHEREFORE**, Plaintiff, Grand Isle Shipyard, Inc., respectfully prays that after due proceedings be had, that there be judgment rendered in its favor and against, Defendant, Cvitanovic Boat Service, Inc., for all damage incurred by the negligent acts of Defendant herein, including all special damages, judicial interest from the date of loss, all costs of these proceedings as well as attorney's fees. And for all other general and equitable relief to which Plaintiff is entitled.

Respectfully submitted,

**VEZINA AND GATTUSO, L.L.C.**
401 Weyer Street, P. O. Box 461
Gretna, Louisiana 70054
Telephone: (504) 368-5223
Facsimile: (504) 361-3624

J. MARC VEZINA, LA BAR #24683
SEAN R. DAWSON, LA BAR #19542
Attorneys for Plaintiff, Grand Isle Shipyard, Inc.

Counsel for Plaintiff will prepare waiver in notice of suit to:
Cvitanovic Boat Service, Inc.
130 Woodchase Drive
P. O. Box 209
Empire, Louisiana 70050